IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| ERIK B. BREWER<br>APRIL M. CRUZ-BREWER | : | BANKRUPTCY NO.: 5-17-bk-00463-JJT |
| DEBTORS | : | |
| CHARLES KAPISH<br>t/a KAP'S CONSTRUCTION | : | {**Nature of Proceeding**: Motion to Dismiss Complaint (#4) and Motion to Dismiss Amended Complaint (Doc. #12)} |
| PLAINTIFF | : | |
| vs. | : | |
| ERIK B. BREWER<br>APRIL M. CRUZ-BREWER | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-17-ap-00090-JJT** |

# OPINION[1]

Before the Court is the Defendants' Motion to Dismiss Complaint, (Doc. #4), and Motion to Dismiss Amended Complaint and Objection to Amended Complaint, together with supporting Brief, (Doc. #12). This matter was initiated by an adversary Complaint on May 26, 2017, which was met by a Motion to Dismiss filed by the Defendants. Thereafter, the Plaintiff filed a Motion to Extend Time to Reply to the Motion to Dismiss, together with a Memorandum in Opposition to Defendants' Motion to Dismiss. At the conclusion of the Memorandum in opposition, the Plaintiff requested leave to file an attached proposed Amended Complaint, which Complaint was not attached to the memorandum. The day after the Motion to Extend Time was filed, the Court entered an Order granting the Motion to Extend Time. On August 25, 2017, the Plaintiff filed an Amended Complaint.

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

That Amended Complaint was met by a Motion to Dismiss the Amended Complaint and the Objection to the filing of the Amended Complaint under Federal Rule of Civil Procedure 15, as made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7015.

The position by the Plaintiff that the Amended Complaint was filed without permission from the Court or with the consent of the Defendants is well taken in that the Amended Complaint was filed outside the time limits imposed by Federal Rule of Civil Procedure 15(a)(1). Nevertheless, the Court will approve the filing of the Amended Complaint, nunc pro tunc.

Additionally, under Local Bankruptcy Rule 7002-1, the Local Rules for the United States District Court for the Middle District of Pennsylvania at LR 7.1 through 7.8 apply to adversary proceedings filed in the Bankruptcy Court. District Court Local Rule 7.6 (Submission of Briefs Opposing Motions) provides, in pertinent part, that any party opposing any motion shall file a brief in opposition within fourteen days after service of the movant's brief and that any party who fails to comply with this rule shall be deemed not to oppose such motion. A review of the docket reflects that the Plaintiff has not responded to the second Motion to Dismiss, and the Court therefore deems the Motion unopposed and will grant the second Motion to Dismiss. The Court will hereby permit the Plaintiff to file a Second Amended Complaint on or before twenty-one days from the date of this Order.

Regardless of the Court's ruling above, it would be remiss if it did not take this opportunity to comment on the state of the pleadings, namely, both the Complaint and the Amended Complaint filed by the Plaintiff. Both have been filed seeking the dischargeability of a certain debt under the provisions of 11 U.S.C. § 523(a)(2)(A) which reads, in its entirety, as follows:

> 11 U.S.C. § 523. Exceptions to discharge.
> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

Both the original and the Amended Complaint attempt to make allegations in order to state a cause of action under § 523(a)(2)(A). Has a claim been stated adequately by the allegations of these complaints? Unfortunately, the answer is no. While the Plaintiff's Memorandum in opposition to the first Motion to Dismiss goes further in presenting to the Court and the Defendants the basis of the Complaint attempted to be pled under 11 U.S.C. § 523(a)(2)(A), it certainly does not take the place of pleading requirements required by Federal Rules of Bankruptcy Procedure 7008 and 7009. It is for these reasons that the Court also grants the Defendants' Motion to Dismiss Plaintiff's first Complaint.

There certainly is no dearth of case law concerning the pleading requirements of § 523(a)(2)(A). Plaintiff should be advised, if he wishes to file a Second Amended Complaint in this matter, to review the pleading requirements needed to state a cause of action under 11 U.S.C. § 523(a)(2)(A) and adjust the allegations of any pleading in this regard.

My Order will follow.

By the Court,

/s/ John J. Thomas

John J. Thomas, Bankruptcy Judge (CMP)

Date: February 23, 2018

[K:\Cathy\Opinions-Orders filed 2018\5-17-ap-00090-JJT_Brewer.pdf]    3

Case 5:17-ap-00090-JJT    Doc 16    Filed 02/23/18    Entered 02/23/18 15:49:12    Desc
Main Document    Page 3 of 3