IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| ERIK B. BREWER | : | BANKRUPTCY NO.: 5-17-bk-00463-JJT |
| APRIL M. CRUZ-BREWER | : | |
| | : | |
| DEBTORS | : | |
| | : | |
| CHARLES KAPISH | : | {**Nature of Proceeding**: Motion to Dismiss |
| t/a KAP'S CONSTRUCTION | : | Second Amended Complaint (Doc. #21)} |
| | : | |
| PLAINTIFF | : | |
| | : | |
| vs. | : | |
| | : | |
| ERIK B. BREWER | : | |
| APRIL M. CRUZ-BREWER | : | |
| | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-17-ap-00090-JJT** |

# OPINION[1]

By an earlier Opinion and Order both dated February 23, 2018, the Court granted the Defendants' Motion to Dismiss the above-captioned adversary proceeding. The Court had found that the allegations of the Complaint failed to adequately state a cause of action under 11 U.S.C. § 523(a)(2)(A). Nonetheless, the Court gave the Plaintiff leave to file a Second Amended Complaint should it choose to do so. The Plaintiff did file a Second Amended Complaint which, again, was met by the Defendants' Motion to Dismiss.

The Court, in that earlier Opinion, admonished the Plaintiff to take more care to review pleading requirements under an abundance of case law needed to properly state a cause of action under § 523(a)(2)(A) and, should the Plaintiff re-file a Complaint, to adjust accordingly the

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

allegations of the pleading. It appears that the Plaintiff took the Court's instruction to heart and filed a shortened, more concise statement of the facts it relies upon to request a determination under the aforesaid section. Even so, the Defendants again assert that the state of the pleadings fall far short of pleading entitlement to relief under the applicable dischargeability section.

In considering a motion to dismiss, the Rule is that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 at 1969 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 127 S.Ct. at 1965.

In this regard, the Court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d at 233 *citing Twombly*, 127 S.Ct. at 1969 n.8 and *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

The Supreme Court of the United States in the case of *Husky International & Electronics, Inc. vs. Ritz*, 136 S.Ct. 1581 (2016), addressed the split among several circuits and the requirements to obtain a discharge under 11 U.S.C. § 523(a)(2)(A). More particularly, the Court addressed the phrase "actual fraud" as it appears within that section. The Court held it would "interpret 'actual fraud' to encompass **fraudulent conveyance schemes**, even when those schemes do not involve a false representation." *Id.* at 1590 (emphasis ours). This holding encompasses a finding that the fraudulent conveyance scheme can also be effected without a

false representation. Taking a fresh look at the above-mentioned case of *Bell Atlantic Corp. v. Twombly*, and its progeny in conjunction with *Husky International*, the Court finds the Second Amended Complaint adequately states a cause of action under § 523(a)(2)(A). Ironically, a reading of the very detailed Motion to Dismiss by Defendants, particularly the references by the Defendants of "a reasonable construction utilizing plain language" of each of the paragraphs of the pleading, convinced the Court that Defendants reasonably understood the gravamen of each of the paragraphs of the Complaint and could fashion a response to each of those paragraphs.

It is for all the foregoing reasons that the Court will deny the Defendants' Motion to Dismiss the Second Amended Complaint. It will further order that the Defendants file an Answer to the Second Amended Complaint on or within twenty-one (21) days of the date of this Opinion and accompanying Order.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge (CMP)

Date: May 25, 2018

[K:\Cathy\Opinions-Orders filed 2018\5-17-ap-00090-JJT_Brewer_Dismiss 2nd Am Complaint.pdf]

3

Case 5:17-ap-00090-JJT    Doc 25    Filed 05/25/18    Entered 05/25/18 13:16:30    Desc
Main Document    Page 3 of 3